UNITED STATES of America

v.

James Floyd WARE, a/k/a Jack Ware.

No. CR 89–AR–010–S.

United States District Court,
N.D. Alabama, S.D.

April 10, 1989.

Frank W. Donaldson, U.S. Atty., and William Simpson, Asst. U.S. Atty., Birmingham, for U.S.

J. Louis Wilkinson, Birmingham, Ala., for defendant.

## ORDER

ACKER, District Judge.

The court hereby ACCEPTS the Report and Recommendation entered by the Mag-

istrate in the above-entitled cause on March 7, 1989, and ADOPTS it as the opinion of the court.

## MAGISTRATE'S REPORT AND RECOMMENDATION

T. MICHAEL PUTNAM, United States Magistrate.

Consistent with the ordinary practice of this court, the above-styled criminal cause was referred to the undersigned magistrate to consider and, where appropriate, resolve preliminary matters prior to trial. As part of that procedure, the magistrate conducted a pretrial conference at which it became apparent that a dispute exists between the Government and the defendant regarding the application of the Federal Sentencing Guidelines to the facts of this case. At the pretrial conference, defense counsel orally moved to submit the controversy to the magistrate on stipulated facts for a report and recommendation to the district judge. For the reasons expressed hereinbelow, the magistrate RECOMMENDS to the district judge that this procedure *not* be followed.

The defendant is charged in a nine-count indictment involving essentially three separate episodes of unlawfully selling stolen Department of Agriculture commodity cheese in return for Department of Agriculture food stamp coupons.[1] At a probation office conference, at which counsel for the Government and defense counsel were present, a dispute arose whether the conduct alleged in the indictment constituted an "organized criminal activity" within the meaning of the Federal Sentencing Guidelines. The normal base offense level under the Guidelines for the crimes charged against the defendant is 4; however, if this activity is found to be "organized criminal activity," § 2B1.2(b)(4) mandates that the minimum offense level be set at 14. Not surprisingly, the Government asserts that the defendant was involved in organized criminal activity, while the defendant de-

nies it. At the pretrial conference, defense counsel proposed that the dispute be submitted to the magistrate on stipulated facts prior to any adjudication of guilt. The Government agreed to the proposal. The magistrate concludes, however, that such a procedure not only seeks to have the court enter an advisory opinion, but also creates an undue risk that error could affect the defendant's decision to go to trial or plead guilty.

The procedure proposed by defense counsel has as its principal purpose the object of seeking a preliminary ruling on a sentencing question before an adjudication of guilt. Plainly, a sentencing question does not become ripe for consideration unless and until the defendant is actually convicted of one or more of the charges he faces. Necessarily, an attempt to resolve sentencing questions prior to an adjudication of guilt involves speculation by the court concerning which of the charged offenses the defendant might ultimately be found guilty of violating. To attempt to resolve a hypothetical issue of this sort involves a clear violation of the judicial doctrine of avoiding advisory opinions. Unlike the situation faced by this court in *United States v. Allen*, 685 F.Supp. 827 (N.D.Ala.1988), in which the court ruled on the facial constitutionality of the Sentencing Guidelines, this case involves a question of interpretation of the Guidelines under a very specific set of facts. Where those facts cannot be certainly and readily ascertained until *after* an adjudication of guilt, this court should not hazard a guess about its interpretation of the Sentencing Guidelines. *See U.S. v. Quezada*, No. 88 CR 204, 1988 WL 95373 (E.D.N.Y., Aug. 31, 1988).

Perhaps a greater problem created by this proposal is the danger it creates for a defendant's considering the possibility of a guilty plea. If the magistrate were to undertake to enter a preliminary recommendation to the district judge on a question of interpretation of the Sentencing Guidelines,

---

**1.** Counts One, Two and Three allege that on March 11, 1988 the defendant unlawfully received stolen commodity cheese and subsequently sold that cheese for food stamp cou-

pons. Counts Four, Five, and Six allege a similar transaction on March 16, 1988 and Counts Seven, Eight, and Nine allege a third such transaction on April 21, 1988.

the defendant might be tempted to place undue reliance upon that preliminary recommendation in deciding whether to plead guilty to the offense charged or to stand trial. It would be all too tempting for the defendant and defense counsel to rely heavily upon the magistrate's recommendation. Yet, if later the recommendation were rejected by the district judge, the defendant could assert in a § 2255 petition that his plea was unconstitutionally induced. To avoid this risk, the better practice would reserve all sentencing questions until after an adjudication of guilt either following trial or a guilty plea. *See, e.g., U.S. v. Loman,* No. 88–00125–01–CR–W–6, 1988 WL 112538 (W.D.Mo., Oct. 25, 1988).

For the foregoing reasons, the magistrate RECOMMENDS that the district judge reject consideration of any sentencing questions unless and until the defendant in this action is adjudicated guilty of one or more of the offenses with which he is charged.

Any party may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fifteen (15) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal.